Leanne Porcher

Plaintiff,

V.

Equifax Information Services, LLC.,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

## COMPLAINT

1. This is an action for statutory, actual, and punitive damages arising from Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Congress enacted the FCRA to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.

3. Defendant Equifax failed to provide Plaintiff with a complete and accurate disclosure of all information contained in Plaintiff's consumer file as required by 15 U.S.C. § 1681g(a).

4. Because Equifax withheld critical information from Plaintiff's disclosure file, Plaintiff was prevented from identifying, investigating, and disputing harmful negative information appearing on her credit report.

5. Defendant's actions caused Plaintiff financial harm, emotional distress, and damage to her

credit reputation.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act.

7. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b) because Plaintiff resides in this district and a substantial part of the events giving rise to the claims occurred within this district.

## PARTIES

8. Plaintiff Leanne Porcher is a natural person and resident of Massachusetts.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

11. Equifax regularly assembles, evaluates, and distributes consumer credit information for the purpose of furnishing consumer reports to third parties.

12. Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

## FACTUAL ALLEGATIONS

13. On or about February 16, 2026, Plaintiff requested a copy of her consumer disclosure from Equifax through the federally mandated disclosure system available at www.annualcreditreport.com.

14. Equifax responded by providing Plaintiff with a digital disclosure file which purported to represent all information contained in Plaintiff's consumer file.

15. The disclosure provided by Equifax did not contain complete account numbers, internal account identifiers, historical payment data, or other critical data elements maintained in Equifax's internal database.

16. Several tradelines appearing on Plaintiff's credit report lacked sufficient identifying information, including full account numbers and detailed payment history.

17. Because these identifiers were omitted, Plaintiff was unable to determine the origin, legitimacy, or ownership of certain negative accounts.

18. The omission of this information made it impossible for Plaintiff to effectively dispute inaccurate or damaging entries.

19. Upon information and belief, Equifax maintains the complete account information within its internal systems and routinely provides such data to creditors, lenders, and debt collectors.

20. However, Equifax intentionally limits the information provided to consumers through its disclosure system.

21. By withholding critical file data from Plaintiff, Equifax prevented Plaintiff from exercising her statutory rights under the FCRA to review and dispute inaccurate information.

22. Courts have recognized the importance of complete disclosures under the FCRA, emphasizing that consumer reporting agencies must provide all information in a consumer's file when requested.

23. Plaintiff later applied for credit and was denied based in whole or in part on negative information contained in her Equifax credit file.

24. The adverse action referenced negative entries that Plaintiff could not properly identify or dispute due to the incomplete disclosure provided by Equifax.

25. As a result of Defendant's conduct, Plaintiff experienced substantial emotional distress.

26. Plaintiff suffered anxiety, sleeplessness, and frustration due to uncertainty surrounding the unidentified negative accounts.

27. Plaintiff also had trouble concentrating at work and in daily activities because of the stress associated with the damaged credit profile.

28. Plaintiff suffered financial harm including denial of credit opportunities and related economic losses.

29. Defendant's conduct was willful or, in the alternative, negligent.

# COUNT I

## Violation of the Fair Credit Reporting Act

### Failure to Clearly and Accurately Disclose File Contents
### 15 U.S.C. § 1681g(a)

30. Plaintiff re-alleges and incorporates paragraphs 1 through 29 as if fully stated herein.

31. Under 15 U.S.C. § 1681g(a)(1), a consumer reporting agency must clearly and accurately disclose to a consumer all information in the consumer's file at the time of the request.

32. Defendant failed to disclose all information contained in Plaintiff's file.

33. Defendant omitted critical account identifiers, payment history data, and other information necessary for Plaintiff to understand and dispute the reported accounts.

34. These omissions rendered the disclosure incomplete and misleading.

35. Defendant's failure to provide a full disclosure directly interfered with Plaintiff's ability to exercise her statutory dispute rights under the FCRA.

36. Defendant's violations caused Plaintiff actual damages including emotional distress, financial harm, and loss of credit opportunities.

37. Defendant's conduct was willful within the meaning of 15 U.S.C. § 1681n, or in the alternative negligent under 15 U.S.C. § 1681o.

38. Plaintiff is therefore entitled to statutory damages, actual damages, punitive damages, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Leanne Porcher respectfully requests that the Court enter judgment in her favor and against Defendant Equifax Information Services, LLC and grant the following relief:

A. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

E. Any additional relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


DATED: March 11, 2026

*Leanne Porcher*

Respectfully submitted,

Leanne Porcher

19 Fenelon St. APT 3L,

Dorchester, MA  02121